# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MEGAN LINCOLN, | ) | CASE NO.: 5:15CV2354 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Megan Lincoln to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate Judge for an R&R on Lincoln's appeal of the Social Security Administration's decision to deny her claim for supplemental security income and disability insurance benefits. On October 13, 2016, Magistrate Judge Knepp issued his R&R recommending that the Commissioner's decision be affirmed.

For the reasons stated below, the objections are OVERRULED. The R&R is adopted in whole and the decision of the Commissioner is hereby AFFIRMED.

## I. Standard of Review

District courts conduct *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases,

judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

## II. Lincoln's Objections

In her first objection, Lincoln contends that the ALJ mischaracterized her testimony and that the Report engaged in ad hoc rationalization to find no error. Lincoln, however, offers no explanation or background to support this claim. Instead, she alleges in conclusory fashion that the Report relied upon evidence to support the ALJ's decision that was not relied upon in the actual decision of the ALJ. Without identifying this evidence or citing to the record in any manner, Lincoln cannot demonstrate error in this objection.

Lincoln's second and final objection contends that the Report erred when it did not find error in the manner in which the ALJ treated the opinion of Lincoln's treating physician. In so doing, Lincoln again wholly ignores the analysis performed in the Report. The Report properly lays out the standard required to give less weight to a treating physician. Doc. 19 at 20-21. The Report then quoted the reasons given by the ALJ for giving little weight to the opinion of the treating physician. Doc. 19 at 22. In this objection, Lincoln does not identify error committed in the Report. Instead, Lincoln reargues her initial brief, contending that the reasons given by the ALJ were insufficient. The Report, however, amply identifies the portions of the record that offer substantial evidence for the ALJ to give little weight to the treating physician.

### III. Conclusion

Lincoln's objections are OVERRULED. The Magistrate Judge's Report and Recommendation is ADOPTED. The judgment of the Commissioner is AFFIRMED.

IT IS SO ORDERED.


Dated: January 12, 2017                          */s/ John R. Adams*
                                                             JUDGE JOHN R. ADAMS
                                                             UNITED STATES DISTRICT JUDGE